UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RONALD KENNEMER, ET AL                    CIVIL ACTION

VERSUS                                    NO: 03-3616 c/w
                                              05-2828

JEFF AUTOPLEX LLC, ET AL                  SECTION: "R"

## ORDER AND REASONS

The plaintiffs move the Court to reconsider its dismissal of plaintiffs' claims against defendants Patricia Gatwood and Talaria Keys for failure to prosecute, and then to reinstate plaintiffs' claims and allow plaintiffs a brief period of time to resume prosecution against defendants.  For the following reasons, the Court GRANTS the motion.


I.   **BACKGROUND**

In December 2003, plaintiffs Ronald and Martha Kennemer sued a group of defendants, alleging that the defendants violated the federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32701.  The Kennemers allege that the defendants "passed off" a welded composite of two Ford Explorers as a 2000 model Ford

Explorer.  The Kennemers seek rescission of their purchase contract and compensatory and punitive damages.  In July 2005, the plaintiffs sued another group of defendants under the same federal statute and operative set of facts.  Among the defendants in the July 2005 suit are Patricia Gatwood and Talaria Keys.  Plaintiffs seek actual, punitive, and statutory damages in that action.  These cases were consolidated on July 25, 2005.

On April 5, 2006, the action against Gatwood and Keys was on the Court's call docket for failure to prosecute.  The Court ordered the plaintiffs to take the appropriate action within 30 days or risk dismissal for failure to prosecute.  (R. Doc. 62).  On June 14, 2006, the action appeared on the Court's call docket for the second time.  Again, the Court ordered the plaintiffs to take the appropriate action within 30 days or risk dismissal for failure to prosecute.  (R. Doc. 68).  On July 18, 2006, the Court dismissed the claims against Gatwood and Keys without prejudice for failure to prosecute.  (R. Doc. 71).

Plaintiffs now move the Court to reconsider its order dismissing the claims for failure to prosecute.  Plaintiffs' counsel asserts that he was unable to access the June 14 order via electronic noticing for some unknown reason.  Plaintiffs' counsel also alleges that his secretary did not receive the June 14 order by electronic noticing even though she had received such

2

notices in the past.  Counsel further states that from April
through June of this year he had to assist his secretary and her
mother during the mother's terminal illness, which resulted in
her passing away on June 27.  As a result of these circumstances,
plaintiffs' counsel represents that he was unaware of the June 14
order and therefore did not move for the entry of default
judgment against Gatwood and Keys.  On August 1, 2006, plaintiffs
filed this motion to reconsider, reinstate the claims against
Gatwood and Keys, and leave to resume prosecution of the
defendants within a brief period of time.

## II.  DISCUSSION

### A.   Legal Standard

The Federal Rules of Civil Procedure do not formally
recognize a motion to reconsider *in haec verba*.  *See Pryor v.
United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985).
Nevertheless, the Fifth Circuit has held that a motion for
reconsideration to reinstate a case may be classified under
either Rule 59 or Rule 60, depending upon the time of filing.
*See id.; see also Lavespere v. Niagara Mach. & Tool Works, Inc.*,
910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by
Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.
1994) (en banc).  Because plaintiffs filed the motion within ten

3

days of entry of the Court's July 18, 2006, order, the Court will treat it as a motion to reconsider under Rule 59. Therefore, plaintiffs' request to reconsider the Court's order is a Rule 59(e) motion to "alter or amend the judgment." *See Pryor*, 769 F.2d at 285.

A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Lavespere*, 910 F.2d at 173. A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly. *See Fields v. Pool Offshore*, 1998 WL 43217, *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999). This is because the court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Bohlin*, 6 F.3d at 355. Courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *See, e.g., Grenier v. Saltz*, 2005 WL 78941, *2 (E.D. La. Jan. 12, 2005). Relevant

4

factors in deciding a motion to reconsider under Rule 59(e) may
include, *inter alia*, the reason for the moving party's default
and the prejudice to the non-moving party.  *Cf. Lavespere*, 910
F.2d at 174 (considering these factors when the basis for the
motion was to submit new evidence).  The Court may also consider
the conduct of counsel in deciding the motion.  *Ford Motor Credit
Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994).  Ultimately, the
Court must approach a motion to reopen on a case-by-case basis.
*Id.* at 324-25.

**B.  Analysis**

While not explicitly stating so, plaintiffs contend that the
Court should grant their motion to reconsider to prevent manifest
injustice.  Specifically, plaintiffs point to several factors
that impacted counsel's ability to prosecute the action against
Gatwood and Keys in the requisite period of time.  In this case,
the Court finds that the interests of justice militate in favor
of granting the plaintiffs' motion.  While the Court notes that
plaintiffs' counsel had more than three months to prosecute this
action, the Court is also cognizant of the difficulties created
by his secretary's medical situation.  Furthermore, the Court
dismissed the claims against Gatwood and Keys without prejudice.
Thus, the defendants' interest in preserving a final judgment is
minimal.

**III. CONCLUSION**

For the foregoing reasons, the Court re-opens the action and grants the motion for leave to resume prosecution of Gatwood and Keys within the next 20 days.

New Orleans, Louisiana, this 13th day of October, 2006.

SARAH S. VANCE
UNITED STATES DISTRICT COURT

6